UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMARI YERO PRICE,                    Case No. 2:25-cv-11189

     Petitioner                         Honorable Susan K. DeClercq

v.

MATT MACAULEY,

     Respondent,

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

Jermari Yero Price, ("Petitioner"), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges his conviction for second-degree murder, Mich. Comp. Laws § 750.317, and felony-firearm, Mich. Comp. Laws § 750.227b. *Id*. Respondent filed a motion to dismiss the petition on the ground that Petitioner failed to fully exhaust his state court remedies. ECF No. 8. Petitioner filed a response to the motion. ECF No. 12.

For the reasons stated below, the petition for writ of habeas corpus will be summarily denied with prejudice.

1

## I. BACKGROUND

Petitioner was convicted of the above-offenses following a jury trial in the Wayne County Circuit Court. The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Price*, No. 366002, 2024 WL 3078004 (Mich. Ct. App. Jun. 20, 2024). Petitioner attempted to appeal the Michigan Court of Appeals' decision by filing an application for leave to appeal in Michigan Supreme Court. However, the Michigan Supreme Court rejected the filing because it was filed beyond the 56-day period contained in M.C.R. 7.305(C)(2) for filing such an application with the Supreme Court. *See* ECF No. 9-13 at PageID.995; *see also* ECF No. 1at PageID.60–61.

Petitioner has now filed a petition for writ of habeas corpus. Petitioner seeks habeas relief on the claims he raised before the Michigan Court of Appeals and attempted unsuccessfully to raise before the Michigan Supreme Court.

## II. DISCUSSION

### A. Exhaustion

Respondent has moved to dismiss the petition because Petitioner's claims are unexhausted since he did not file a timely application for leave to appeal to the Michigan Supreme Court.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28

U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits. *Id.*

A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Mohn v. Bock*, 208 F.Supp.2d 796, 800 (E.D. Mich. 2002). Pursuant to M.C.R. 7.305(C)(2), Petitioner had 56 days to file a delayed application for leave to appeal with the Michigan Supreme Court after his conviction was affirmed by the Michigan Court of Appeals. Because Petitioner failed to raise his claims before the Michigan Supreme Court in a timely manner, the claims are unexhausted. *See, e.g., Rupert v. Berghuis,* 619 F. Supp. 2d 363, 367 (W.D. Mich. 2008) (habeas petitioner failed to exhaust his state remedies as result of his failure to file timely appeal to Michigan Supreme Court).

### B.  Procedural Default

In addition to being unexhausted, Petitioner's claims are procedurally defaulted as well. A habeas petitioner procedurally defaults a claim if he fails to raise it in an application for discretionary review with the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. at 848. A claim raised in the state court of appeals but not in the state supreme court cannot be considered in federal habeas review. *See Harris v. Stegall,* 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001).

Petitioner's claims are also procedurally defaulted because, as Petitioner himself indicates in his response, there are no state court remedies remaining in which he can exhaust these claims. Although Michigan allows prisoners to file a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.*, Michigan Court Rule 6.508(D)(2) prohibits state courts in Michigan from granting a motion for relief from judgment when the defendant alleges grounds for relief that were decided against him or her in a prior appeal. Because M.C.R. 6.508(D)(2) would bar Petitioner from raising in a post-conviction motion the claims he raised on his appeal of right before the Michigan Court of Appeals, he no longer has an available state court remedy to exhaust these claims. *See Nettles v. Palmer*, No. 17-2322, 2018 WL 2059912, at *1 (6th Cir. Apr. 5, 2018);  *see also Daniel v. McQuiggin,* 678 F. Supp. 2d 547, 551 (E.D. Mich. 2009).

4

If a habeas petitioner fails to present his claims to the state courts and is now barred from pursuing relief there, the petition should not be dismissed for lack of exhaustion because there are simply no remedies available for the petitioner to exhaust. However, the petitioner will not be allowed to present claims never before presented in the state courts unless he or she can show cause to excuse his failure to present the claims in the state courts, and actual prejudice to his defense at trial or on appeal. *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995). A claim of actual innocence will excuse this "cause and prejudice" requirement. *Id.* at 1196, fn. 3.

Here, Petitioner has failed to establish cause to excuse his default. He claims simply that his application for leave to appeal to the Michigan Supreme Court was untimely because he was led to believe by the prison law librarian that Saturdays, Sundays, and holidays were excluded from the 56-day time period for filing an application for leave to appeal with the Michigan Supreme Court. ECF No. 12 at PageID. 1005. But a habeas petitioner's *pro se* status[1] and ignorance of rights at the state court level does not constitute cause that would excuse the procedural default.

---

[1]The fact that Petitioner was proceeding *pro se* in his application for leave to appeal before the Michigan Supreme Court also would not excuse the default here. A criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982). "The right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

*Hannah v. Conley,* 49 F. 3d at 1197; *Robertson v. Abramajtys,* 144 F. Supp. 2d 829, 838 (E.D. Mich. 2001); *see also Holbrook v. Burt*, No. 20-1408, 2020 WL 6440468, at \*4 (6th Cir. Sept. 22, 2020) (habeas petitioner's *pro se* status and ignorance of the law did not establish cause to excuse his failure to seek timely review with the Michigan Supreme Court).

Petitioner also has failed to establish actual innocence. Although Petitioner argues that he shot the victim in self-defense, it does not appear that Petitioner's self-defense argument amounts to a claim of factual innocence which would satisfy the fundamental miscarriage exception to the procedural default rule. *See Caldwell v. Russell,* 181 F.3d 731, 739-40 (6th Cir. 1999). In the statute of limitations context, the Sixth Circuit has held that a habeas petitioner's claim that he acted in self-defense amounted to a claim of legal innocence, as opposed to factual innocence, and would therefore not toll the limitations period. *See Harvey v. Jones,* 179 F. App'x 294, 298-99 (6th Cir. 2006)(collecting cases). The Sixth Circuit has also held the same in a habeas case. *See Valentin v. Tanner*, No. 23-1207, 2023 WL 5748143, at \*2 (6th Cir. Sept. 1, 2023) (even if habeas relief was available on a freestanding actual innocence claim, petitioner's claim of "self-defense demonstrates legal innocence, not actual innocence, because it does not show that the petitioner was factually innocent of killing the victim."). Moreover, in light of the fact that the victim was unarmed when Petitioner shot him and the shooting did not appear to be in close range, *see People*

6

*v. Price*, 2024 WL 3078004, at *3–4, Petitioner's self-defense claim is unconvincing. Thus, he fails to establish that a miscarriage of justice occurred that would excuse the default in this case. *See Gentry v. Trippett,* 956 F. Supp. 1320, 1327 (E.D. Mich. 1997).

### C. Certificate of Appealability

This Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district

court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

This Court denies Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner's claims are procedurally defaulted. *See Harris v. Stegall,* 157 F. Supp. 2d at 751. However, although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

### III. CONCLUSION

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **GRANTED** leave to appeal *in forma pauperis*.

**This is a final order and closes this case.**

8

*/s/ Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: January 12, 2026